IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.	Case Nos.:   3:10cr68/LAC/CJK
		     3:11cv238/LAC/CJK

JAMES LEE BAILEY

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 103). The Government has filed a response (doc. 110) and Defendant has filed a reply (doc. 115). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

On August 19, 2010, Defendant was charged in a thirty-seven count superseding indictment as follows:  conspiracy to defraud the United States and

commit other offenses (Count 1); conspiracy to commit money laundering (Count 2); participation of a government employee in acts affecting a personal financial interest (Counts 3 through 17); wire fraud–scheme and artifice to defraud the United States (Counts 18 through 24); wire fraud–scheme and artifice to defraud the United States of honest services (Counts 25 through 32); money laundering (Counts 33 and 34); and two counts of making false statements (Counts 36 and 37)[1] (doc. 35).[2] Represented by retained counsel Charles T. Wiggins, Defendant signed a written plea agreement on September 30, 2010 and entered a plea of guilty to Counts 1, 3 through 17, 29, 34 and 36 (doc. 50).[3]

Three versions of the Presentence Investigation Report ("PSR") were prepared (*see* docs. 62, 70, 74). In the "second final version," Defendant had a base offense level of 14, which was increased by four levels due to the value of the property involved in the offense conduct, increased by one level because the conviction arose under 18 U.S.C. § 1957, increased by two levels for obstruction of justice and decreased by three levels for acceptance of responsibility, for a total offense level of 18 (doc. 74, PSR ¶¶ 180–191). Defendant's criminal history category was I.

The court sentenced Defendant at the low end of the applicable guidelines range to a term of 27 months imprisonment on all counts, to run concurrently, followed by three years of supervised release, a fine of $5000, a special monetary assessment totaling $1900.00 and forfeiture of $25,000 (doc. 81). The Government

---

[1] Co-defendant Lee J. Temples was charged in Counts 1 through 35 of the superseding indictment. Other than the fact that Temples was charged in Counts 3 through 17 with aiding and abetting, and in Count 35 with obstructing or impeding an official proceeding, the charges against the two men were identical.

[2] The original indictment was returned on June 22, 2010 (doc.1).

[3] No written statement of facts was filed in conjunction with Defendant's plea agreement.

Case Nos.: 3:10cr68/LAC/CJK; 3:11cv238/LAC/CJK

moved to dismiss the remaining counts of the superseding indictment and the court granted its motion (*see* docs. 49, 80). Defendant did not appeal.

Defendant's initial motion to vacate was timely filed pursuant to the prison mailbox rule[4] on May 4, 2011 (doc. 84). The Government responded in opposition (doc. 92). Defendant moved to amend his § 2255 motion in December of 2011, and leave to do so was granted (docs. 105, 106).[5] The amended motion (doc. 103), in which Defendant raises four grounds for relief is currently pending before the court. The Government opposes the motion in its entirety.

### STATEMENT OF FACTS[6]

UNICOR is a wholly government-owned corporation that provides a variety of entities with recycling services for computer and electronic equipment (PSR ¶ 21). Some of these items are refurbished by inmates for sale on eBay (PSR ¶¶ 23, 24). Defendant was hired at UNICOR as a recovery factory technician in 2000, and in 2003 he was transferred to a position in which he was responsible for locating

---

[4] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[5] Part of Defendant's motivation for amending his motion appeared to be that counsel directly contradicted numerous assertions Defendant made in his original motion. For instance, Defendant apparently abandoned his original sworn assertion that counsel "refused to respond to my request to appeal the sentencing" (doc. 84 at 4). In his amended motion, Defendant merely mentions in passing that after sentencing counsel told him that there was nothing to appeal and warned Defendant that in the event of an unsuccessful appeal he could get a longer sentence, which "scared [Defendant] to the point of asking no more questions" (doc. 103 at 13). Obviously, each of these sworn assertions cannot be correct. In addition to omitting certain claims, Defendant also added several additional grounds for relief in his amended motion. Despite the vast difference in the content of Defendant's original and amended motions, the Government has resubmitted counsel's original affidavit and attachments thereto in support of its response to Defendant's amended motion (doc. 110-1 at 1–29).

[6] Because no statement of facts was filed contemporaneously with Defendant's plea agreement, and there was no appeal in this case, the facts set forth herein are taken from the Second Final PSR (doc. 74).

products for UNICOR to recycle, conducting sales of recycled electronic equipment, setting prices and obtaining bids for the sale of the recycled electronics (PSR ¶¶ 28, 35). Between 2004 and 2007, two companies owned by co-defendant Temples, who is Defendant's cousin, sold recycled electronics on eBay without having official contracts with UNICOR (PSR ¶¶ 42–61). When UNICOR discovered that the two men were cousins, and that Temples was providing eBay services without a contract, it temporarily suspended all business with Temples (PSR ¶ 61). UNICOR resumed doing business with Temples, only after the BOP issued a directive that all UNICOR transactions involving Temples would be conducted by staff other than Defendant (PSR ¶ 63). At the time of this directive, Defendant's financial interest in the two companies, specifically the fact that he received consultant fees from the sale of the recycled electronics, was unknown to the BOP (PSR ¶ 63). Despite the directive, Defendant continued to transact business with Temples (PSR ¶ 63). Defendant had obtained approval from his employer to work as a computer consultant, but he had not disclosed necessary details, including the fact that he was consulting with two companies that were doing business directly with his employer (PSR ¶ 175).

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190,

1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is

"'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

    Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Patterson*, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686; *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s

two part test also applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 59. In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel,

the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993));

*Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer

or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Ground One

In Defendant's first ground for relief, he asserts that the charge of "theft of honest services" is an "illegal charge" under the Supreme Court's decision in *Skilling v. United States*, 561 U.S. 358 (2010).[7] In *Skilling*, which was decided approximately three months before Defendant entered his plea and six months before his sentencing, the Court held that § 1346 applied only to crimes involving bribes and kickbacks. Defendant asserts that he was a "hardworking employee" of co-defendant Temples, he was paid a percentage of the earnings, all of which he reported to the IRS, he was not "convicted of a bribery or kickback charge," and therefore his sentence should be modified.

Defendant's plea agreement explained in detail the nature of each of the charges against him (doc. 50). The description of the fraud charged in Count 29

---

[7]The Government did not include any mention or discussion of *Skilling* in its response to Defendant's § 2255 motion.

Case Nos.: 3:10cr68/LAC/CJK; 3:11cv238/LAC/CJK

included the fact that Defendant had "devised and intended to devise a scheme and artifice to defraud and deprive the United States Bureau of Prisons and the citizens of the United States of their right to the honest and faithful services of the defendant *through kickbacks* and the concealment of material information" (*id*. at 2 (emphasis added)).[8]  As noted above, although Defendant had obtained approval from his employer to work as an outside consultant, he failed to disclose that the companies he was consulting for were doing business directly with the Government (doc. 74, PSR at ¶ 175).  It is undisputed that Defendant received a financial benefit from his actions.

Defendant's claim appears to be that counsel was constitutionally ineffective for his failure to challenge the factual or legal basis for his plea to Count 29.   The facts as set forth in the PSR provide adequate support for Defendant's guilty plea. Counsel is not constitutionally ineffective for his failure to raise a meritless claim. *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by

---

[8] As previously noted, there was no written "statement of facts" presented at the time Defendant entered his plea, although a 51 page statement of facts was presented contemporaneously with the plea of co-defendant Temples, who also pleaded guilty to Count 29 (doc. 41).  The factual basis for Temples' guilty plea to that charge was the email described in paragraph 137 of Defendant's PSR which was described as a discussion of employment issues and the partnership agreement between the two men (doc. 74, PSR ¶ 137).

Case Nos.: 3:10cr68/LAC/CJK; 3:11cv238/LAC/CJK

prosecutor, or accurate statements by prosecutor about effect of potential sentence). Defendant has not shown his entitlement to relief.

Ground Two

Defendant contends that the Government breached his plea agreement because he did not receive "credit" for his testimony concerning Joe McNealy. Defendant also asserts that he should have received credit for information he provided regarding Daniel Morales, particularly since, Defendant claimed, he was unaware at the time he entered his plea that he would be asked about Morales.

Contrary to Defendant's suggestion, his written plea agreement did not identify any specific "targets" by name. To the extent he alleges any impropriety in this respect, there was none, as the plea agreement likewise did not limit the individuals about whom Defendant could be questioned. Furthermore, Defendant's complaint that he did not get credit for cooperation because he could not "help the prosecution validate their suspicions concerning Mr. Morales" was not contrary to the terms of the plea agreement. The plea agreement provides: "[i]f, in the sole discretion of the United States Attorney, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons *who have committed offenses*, . . . then the United States Attorney will file a substantial assistance motion" (doc. 50 at 9–10 (emphasis added).[9]

The decision to file a 5K1 motion is a matter of prosecutorial discretion. *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000), *cert. denied,* 122 S. Ct. 552, 151 L. Ed. 2d 428 (2001); *United States v. Orozco*, 160 F.3d 1309, 1315 (11th

---

[9]This language more closely tracks U.S.S.G. § 5K1.1, which states that the cooperation must pertain to "the investigation or prosecution of another person *who has committed an offense*," than that of Rule 35, which only references "the investigation or prosecution of another person." Fed.R.Crim.P. 35 (b)(1).

Cir. 1998); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185 (1992); (analyzing substantial assistance motions under § 5K1.1 and 18 U.S.C. § 3553(e)); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying *Wade* to Rule 35(b) motions). Even plea agreements that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499–1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. *Wade*, 504 U.S. at 185–86; *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009); *Nealy*, 232 F.3d at 831. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Wade*, 504 U.S. at 186.

Filing of a certification of substantial assistance generally signifies that a defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his or her attempts to assist. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *Orozco*, 160 F.3d at 1315. The fact that Defendant's plea agreement provided that the Government would make known its opinion as to the nature and

extent of Defendant's cooperation was by no means a promise that a substantial assistance motion would be filed. The agreement in this case further provided that "regardless of cooperation, and at the sole discretion of the United States Attorney" the defendant "may be deemed not to have provided substantial assistance" (doc. 50 at 9). Generally, a defendant's disappointment that his or her cooperation did not rise to the level of substantial assistance does not, without more, warrant a finding that the motion should have been filed. Defendant's subjective and unsupported belief that the Government never intended to give him credit for his cooperation is insufficient to support his claim for § 2255 relief.

### Ground Three

Defendant claims in his third ground for relief that the Government breached the plea agreement by asking the district court to enhance his sentence and by requesting a 60 month sentence. Although no transcript of the sentencing proceedings was available for the court's review, the undersigned notes that the plea agreement did not require the Government to stand mute at sentencing. Under the plea agreement, both parties reserved the right to argue positions under the Sentencing Guidelines, including requests for guidelines departures (doc. 50 at 7). The Government also reserved the right to present evidence and make argument pertinent to both the application of the guidelines and the factors set forth in 18 U.S.C. § 3553(a) (*id*. at 9). It was not a violation of Defendant's plea agreement for the Government to argue for a higher than guidelines range sentence. *See, e.g., United States v. Thomas*, 487 F.3d 1358, 1360–61 (11th Cir. 2007) (Government's argument for consecutive sentencing was not a breach of a Northern District of Florida plea agreement containing identical language); *United States v. Girard*, 440

F. App'x 894, 899–900 (11th Cir. 2011) (Government's argument for upward departure and upward variance was not a breach of a Northern District of Florida plea agreement containing identical language). With respect to Defendant's allegation that the Government breached the agreement by requesting a specific sentence, in light of the sentence that was imposed at the lowest end of the guidelines range, even if Defendant's representation is true, the court finds that Defendant's substantial rights were not affected. *See United States v. Jones*, 480 F. App'x 555, 562 (11th Cir. 2012). Thus, he is not entitled to relief.

<u>Ground Four</u>

Defendant's final claim is that he is entitled to re-sentencing due to the disparity between his 27 month custodial sentence and his co-defendant's five year probationary sentence. Defendant claims that he was informed by his attorney and the prosecution that his charges "were less than" those of his co-defendant, and that he would receive a shorter sentence based on the fact that the co-defendant's "obstruction of justice" charge was the most serious of all the charges.

Sentencing decisions are based on individualized determinations made after examination of the facts of each individual defendant's situation. It is not improper for the district court to impose a higher sentence on a defendant who is not similarly situated to other co-defendants. *See United States v. McNair*, 605 F.3d 1152, 1232 (11th Cir. 2010). Furthermore, "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Deonarinesingh*, 411 F. App'x 245, 249 (11th Cir. 2011) (quoting *United States v. Regueiro*, 240 F.3d 1321, 1325–26 (11th Cir.2001) (per curiam)). "While § 3553(a)(6) speaks of 'the need to avoid unwarranted sentencing disparities among

defendants with similar records who have been found guilty of similar conduct,' the provision is more concerned with the unjustified differences across judges or districts than between co-defendants in a single case." *Deonarinesingh*, 411 F. App'x at 249 (quoting *United States v. Edinson*, 209 Fed.Appx. 947, 949 (11th Cir.2006) (per curiam) (quoting *United States v. Boscarino*, 437 F.3d 634, 638, (7th Cir. 2006))).

In this case, co-defendant Temples pleaded guilty to fewer offenses and had a lower total offense level and a lower advisory guidelines range than that presented by Defendant (*see* doc. 58). Additionally, Temples' lawyer noted that Temples was the first of the co-defendants to plead guilty in this case, and it was likely that Temples' plea and cooperation was a factor that led to Defendant Bailey's decision to enter a guilty plea (doc. 60). Finally, Defendant Bailey, but not Temples, was a federal employee at the time of the offense conduct. The reason for the district court's decision to impose a probationary sentence in Temples' case cannot be determined from the record, as the sentencing transcript in Temples' case also was not transcribed. That factor is not critical, however, as the information described above makes clear that the cases of the two defendants were not identical. Defendant's sentence was legal, and he has not established his entitlement to § 2255 relief based either on outright constitutional error or counsel's failure to object to the "disparate" sentences.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an

evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 103) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of March, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).